An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIC SCOTT CINA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59998

FILED

FEB 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant argues that the district court erred in denying his claim from his September 29, 2009, petition that his trial counsel was ineffective for failing to adequately research and argue for dismissal of the sexual assault charge rather than the statutory sexual seduction charge. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry must be shown, Strickland, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, Means v. State, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04648

Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Trial counsel did argue that the district court should dismiss the sexual assault charge rather than the statutory sexual seduction charge. This court concluded on direct appeal that the district court properly dismissed the statutory sexual seduction charge rather than the sexual assault charge. Cina v. State, Docket No. 51366 (Order of Affirmance, June 3, 2009). Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel raised further arguments regarding dismissal of the statutory sexual seduction charge. Therefore, the district court did not err in denying this claim.[1]

Next, appellant argues that the district court should have sentenced appellant to only serve a term for the statutory sexual seduction charge as the evidence demonstrated the victim consented to the sexual acts. This claim could have been raised on direct appeal and appellant failed to demonstrate good cause for his failure to do so. See NRS 34.810(1)(b). Further, appellant failed to demonstrate actual prejudice for

---

[1]Appellant also argues that his appellate counsel was ineffective for failing to adequately research and argue that the sexual assault charge should have been dismissed instead of the statutory sexual seduction charge. Appellate counsel did argue that the greater offense should have been dismissed rather than the lesser charge. As this court already concluded that the district court correctly dismissed the statutory seduction charge rather than the sexual assault charge, appellant cannot demonstrate a reasonable likelihood of success on appeal had counsel provided further arguments regarding the underlying claim. See Kirksey v. State, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996); Strickland, 466 U.S. at 697.

this claim for the reasons discussed previously.  See id.  Therefore, the district court did not err in denying this claim.

Having concluded appellant is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Douglas W. Herndon, District Judge
       Cannon & Tannery
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk